IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MALCOLM BRUCE WESTCOTT,              )<br>                                                              )<br>                         Plaintiff,              )<br>                                                              )<br>            v.                                              )<br>                                                              )<br>THE HONORABLE FRANCIS J. HARVEY, )<br>Secretary of the Army                            )<br>                         Defendant.            )<br>                                                              ) | Civil Action No. 06-0293 (JR) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER**

Plaintiff cites cases from the Supreme Court and the D.C. Circuit for the proposition that a service member need not exhaust administrative remedies before the Board for Correction of Military records before seeking judicial review under the Administrative Procedure Act (APA). While this is true, it is not the end of the story. Justiciability is a separate and distinct requirement from exhaustion.

The APA contains a limited waiver of the government's sovereign immunity and creates a cause of action for review of final agency actions. See Trudeau v. FTC, 456 F.3d 178 (D.C. Cir. 2006). However, the Supreme Court has made clear that even with a waiver of sovereign immunity and a valid cause of action a claim may be non-justiciable. See Feres v. United States, 340 U.S. 135, 141 (U.S. 1950) ("Jurisdiction of the defendant now exists where the defendant was immune from suit before; it remains for courts, in exercise of their jurisdiction, to determine whether any claim is recognizable in law"); See also, Chappell v. Wallace, 462 U.S. 296 (1983) (Unique nature of the Military precludes Bivens type remedy for alleged Constitutional violations

by military superiors).

Plaintiff claims that the nature of his claims argues for review. However, his claims challenge the ability of military commanders to discipline a senior officer. Few cases present a more compelling justification for the non-justiciability doctrine. The United States Supreme Court has admonished lower courts to be extremely reluctant to interfere with the military's exercise of discretion in internal military matters, especially when adjudicating matters involving discipline, morale, composition of the force, and personnel matters. See, e.g., Goldman v. Weinberger, 475 U.S. 503 (1986); Gilligan v. Morgan, 413 U.S. 1 (1973); Orloff v. Willoughby, 345 U.S. 83 (1953)(the military constitutes a separate discipline from that of the civilian: "Judges are not given the task of running the Army . . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.") Consequently, "[u]nless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." Department of the Navy v. Egan, 484 U.S. 518, 530 (1988). The federal courts "are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." Chappell v. Wallace, 462 U.S. 296, 305 (1983). The Constitution entrusts regulation and control of the military to the legislative and executive branches of the Government.

This Circuit has several times expounded on the justiciability of military personnel and disciplinary decisions and has invariably held that such decisions are not justiciable, although once reviewed by the applicable corrections board the decision of that board is reviewable. In Kreis v. Secretary of the Air Force, the D.C. Circuit held that a serviceman's claim for retroactive promotion was non justiciable but that the "more modest request" to review "the reasonableness"

of the decision of a military board of correction pursuant to the standards of the APA was justiciable. Id. at 1511.

The D.C. Circuit has also repeatedly held non-justiciable challenges to the Military disciplinary system including challenges to the Judge Advocate General's denial of a request to set aside a court martial finding and sentence. McKinney v. White, 291 F.3d 851 (D.C. Cir. 2002). Likewise, the D.C. Circuit found non-justiciable all claims brought by an Air Force Officer seeking damages and injunctive relief for alleged constitutional and procedural violations by the Air Force in imposing punishment under Article 15 of the UCMJ. Brannum v. Lake, 311 F.3d 1127 (D.C. Cir. 2002). The lone exception being that the Brannum Court found the Court had jurisdiction over a challenge to the Military's exercise of jurisdiction over the plaintiff. Id.

The distinction drawn in Brannum between review of the jurisdictional challenge but not the purely internal aspects of the Article 15 procedures is consistent with the distinction drawn by other courts. As this Court recently noted, reviewability of military decisions is normally reserved for areas where military authority intersects with civilian society. Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 279 (D.D.C. 2005) (As to justiciability, the court notes that it would be likely to find Qualls' claim justiciable. Recruiting activities, "by their very nature, involve a crucial intersection of the military and the general public that cannot be left to the sole discretion of the military." Brown v. Dunleavy, 722 F. Supp. 1343, 1349 (E.D. Va. 1989)). Plaintiff's claim, in contrast, involves a purely military issue as Plaintiff seeks direct review of the military disciplinary action imposing a Memorandum of Reprimand on Plaintiff and the review conducted by the purely military review board the DASEB.

Additionally, Plaintiff's argument that his claims are amenable to suit because they

3

involve allegations of statutory and Constitutional violations is foreclosed by <u>Brannum</u>. <u>Brannum</u> makes clear that it is the nature of the decision challenged and not the basis of the claim that determine justiciability.  The Plaintiff in <u>Brannum</u> also alleged violations of statute, military regulations and Constitutional Due Process. However, the Court dismissed all of Plaintiff's non-jurisdictional claims, even those alleging Constitutional Due Process violations. Clearly, the nature of the alleged infirmity cannot be the basis for finding a military decision amenable to judicial review.

These cases finding military personnel decisions non-justiciable were not overruled by <u>Darby v. Ciscneros</u> 509 U.S. 137 (1993).  The holding of <u>Darby</u> is simply that under the APA, Courts may not require exhaustion of administrative remedies not mandated by statute or regulation.  <u>Darby</u> does not address justiciability of military personnel decisions.  Clearly the D.C. Circuit was aware of <u>Darby</u> when it decided <u>Piersal v. Winter</u>, 435 F.3d 319 (D.C.Cir., 2006).  The Court in <u>Piersal</u> reviewed a decision by the District Court dismissing Plaintiff's claims under the <u>Feres</u> doctrine.  In reversing that decision, the Court held "the principle forbidding judicial interference with military decisions, which principle underlies <u>Feres</u>, <u>Chappell</u>, and related cases, does not preclude review under the APA **of decisions of military boards of correction**. <u>Piersal</u> 435 F. 3d at 323 (emphasis added).  The Court went on to state:

> Piersall's challenge to the decision of the Board, however, is not a request for review of Admiral Konetzni's decision imposing non-judicial punishment, much less a request for review of the judgment of a military court. Piersall seeks review only of a decision rendered by a civilian administrative board established by the Congress separate and apart from the system of military courts and appeals and charged with the authority to change a military record when necessary to "correct an error" or "remove an injustice."

<u>Id</u>. at 324 (D.C. Cir. 2006).  The <u>Piersal</u> Court goes to great lengths to distinguish between review of the decisions of a Commanding Officer and those of the civilian Corrections Board.  If

4

Plaintiff's interpretation of <u>Darby</u> and <u>Wilhelm v. Caldera</u>, 90 F. Supp. 2d. 3, 7 (D.D.C. 2000), were correct, the Court need not have made any distinction.  It would have sufficed to say that the actions being reviewed are final agency actions and therefore Plaintiff has stated a claim.

    Plaintiff here seeks direct review of the military disciplinary action imposing a Memorandum of Reprimand on Plaintiff and the review conducted by the purely military review board the DASEB.   Judicial review of a claim regarding a military personnel decision is distinct and independent from judicial review of a claim challenging the Correction Board's review of the underlying decision.  <u>Lebrun v. England</u>, 212 F. Supp. 2d 5, 12 (D.D.C. 2002).  This distinction has led this Court to hold that the six year statute of limitations on all actions against the United States does not bar review of a Correction Board's decision even where the underlying claim is more than six-years old.  <u>Id</u>.  The same independent nature of the review of Correction Board decisions led the D.C. Circuit to hold justiciable the "serviceman's 'more modest request' to review 'the reasonableness' of the decision of a military board of correction pursuant to the standards of the APA" even where the underlying decision is non-justiciable.  <u>Peirsal</u> <u>supra</u> at 322, citing <u>Kreis</u>, <u>supra</u> at 1511.

**Conclusion**

For the foregoing reasons and those stated in our Motion to Dismiss or in the Alternative to transfer, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 353-9895