UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALCOLM BRUCE WESTCOTT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. 06-0293 (JR) |
| ) | |
| THE HONORABLE ) | |
| FRANCIS J. HARVEY, ) | |
| ) | |
| *Defendant*. ) | |
| _____) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER**

**I. INTRODUCTION**

In his response to Plaintiff's opposition, Defendant concedes that Plaintiff need not seek relief before the Army Board for the Correction of Military Records ("ABCMR") before bringing suit in this Court. He tacitly concedes that his motion to transfer is without merit. Defendant does argue, however, that Plaintiff's claims are non-justiciable because they "challenge the ability of military commanders to discipline a senior officer." Def.'s Resp. at 2.

Plaintiff's claims, however, pose no challenge to the ability of military commanders to discipline senior officers. Plaintiff's claims have no relation to punishment, judicial or otherwise, under the Uniform Code of Military Justice. Plaintiff is challenging the final decision of the Department of the Army Suitability Evaluation Board ("DASEB"), the senior uniformed appeal board, which determined that Plaintiff did not present sufficient evidence of error or injustice to warrant the correction of his military records. Plaintiff's assignment of errors and injustices before

the DASEB included statutory, regulatory, constitutional due process claims, and investigative errors.

Plaintiff reiterates below the similarities between the functions of the DASEB and the ABCMR. Where a case involves a memorandum of reprimand, the ABCMR requires an applicant to exhaust the DASEB process before filing with the Board. The DASEB, like the ABCMR, is authorized to take remedial, corrective actions that are directly contrary to decisions made by military commanders. Plaintiff's claims are justiciable and properly before this Court.

## II.  ARGUMENT

### 1. PLAINTIFF'S CLAIMS ARE AGAINST FINAL AGENCY ACTIONS THAT ARE REVIEWABLE BY THIS COURT

Defendant argues that this Court should dismiss Plaintiff's action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant's contention is that Plaintiff is challenging the ability of military commanders to discipline senior officers, allegedly a non-reviewable action. Def.'s Resp. at 2.  Defendant's position is erroneous for two reasons: (1) Plaintiff does not challenge the ability of commanders to discipline subordinates of any rank; and (2) this case does not involve decisions of authorities acting pursuant to the Uniform Code of Military Justice.

Plaintiff's claims in no manner challenge the ability of military commanders to discipline subordinates, a daily occurrence in the Army. His claims certainly do challenge, *inter alia*, the factual and procedural correctness of the investigation that led to the issuance of the memorandum of reprimand and therefore the propriety of the memorandum itself. Yet Plaintiff does not ask this Court to review the decision of the officer that issued the memorandum, and therefore the warnings

cited by Defendant against judicial intrusion into military discipline are inapposite. Plaintiff here asks the Court to review the decision of an appellate body established by Army regulation that was fully empowered to grant the relief Plaintiff sought before that Board. Plaintiff also notes that in seeking reversal of the DASEB decision, he faces a more onerous burden of proof (clear and convincing evidence) than if he had pursued relief before the ABCMR (a preponderance of the evidence). The increased burden of proof provides protection in addition to the highly deferential APA standard of review against unwarranted judicial intrusion into military affairs.

While arguing that Plaintiff's claims are non-justiciable, Defendant simultaneously states that the claims would become justiciable if they were the subject of a final determination by the ABCMR ("…although once reviewed by the applicable corrections board the decision of that board is reviewable"). *Id*. Thus, in Defendant's view the only factor distinguishing justiciability from non-justiciability is whether the matter has been decided by the ABCMR.

As Plaintiff previously noted, the review functions of the DASEB and the ABCMR are substantially similar. Plaintiff applied to the DASEB for the removal of the LOR that was placed in his OMPF. Army Regulation 600-37, Chapter 7-2(a), addresses "Appeals for removal of OMPF entries," stating: "[o]nce an official document has been properly filed in the OMPF, it is presumed to be administratively correct and to have been filed pursuant to an objective decision by competent authority. Thereafter, the burden of proof rests with the individual concerned to provide evidence of a clear and convincing nature that the document is untrue or unjust, in whole or in part, thereby warranting its alteration or removal from the OMPF. Normally, consideration of appeals is restricted to grades E6 and above, to officers, and to warrant officers. Although any soldier may appeal the inclusion of a document placed in his or her file under this regulation, the appeals of

soldiers in grades below E–6 will only be considered as an exception to policy. This does not include documents that have their own regulatory appeal authority such as evaluation reports and court-martial orders. Appeals that merely allege an injustice or error without supporting evidence are not acceptable and will not be considered."

The DASEB's procedures also are comparable to those of the ABCMR. Chapter 7-2(d)(1) states, "[t]he process is administrative and non-adversarial in nature." Chapter 7-2(d)(2) provides, "Appellants and petitioners, or those on their behalf, are not authorized to appear in person before the DASEB." Chapter 7-2(d)(3) states, "[t]he DASEB may request and consider any files, records, and reports believed to have relevance to a case under consideration." Chapter 7-2(d)(4) states, "[t]he DASEB may obtain corroboration from the appellant/petitioner, soldiers in the chain of command, or anyone thought to have firsthand knowledge relevant to a case. Any appellant/petitioner will generally be contacted, as necessary, by official correspondence."

Army Regulation 600-37, Chapter 3-4, addresses reprimands such as the one under challenge in this case. Chapter 3-4(b) addresses the filing of memoranda of reprimand in an officer's OMPF. Chapter 3-4(c)(2) requires memoranda filed in a soldier's OMPF to contain "a statement that indicates it has been imposed as an administrative matter and not as punishment under UCMJ, Article 15 [non-judicial punishment]."

Because the DASEB has authority and procedures comparable to the ABCMR, and because the Court is not being asked to review the decision of the military commander who issued the memorandum of reprimand, Plaintiff's claims are justiciable. In light of the remedial powers of the DASEB, which permit it to void or reverse decisions of military commanders, the mere fact that the board is comprised of uniformed members is of no practical import.

The cases cited by Defendant to support his argument are unpersuasive. *McKinney v. White*, 291 F.3d 851, 856 (D.C. Cir. 2002), which involved a court-martial conviction, determined that the plaintiff's attempt to invoke the APA amounted to "an attempt to end run a military justice system wherein Congress has afforded him the direct review procedures it deemed appropriate." McKinney is inapposite because Plaintiff's claims do not involve court-martial or other military justice proceedings.

As Plaintiff discussed in his opposition memorandum, *Brannum v. Lake*, 311 F.3d 1127 (D.C. Cir. 2002), involved allegations by the plaintiff that he was unlawfully recalled to active duty for purposes of punishment under the UCMJ. *Id*. at 1128. The plaintiff sought damages and injunctive relief vacating the punishment he was given under the UCMJ. *Id*. The Court dismissed the plaintiff's claims for lack of subject matter jurisdiction under the *Feres* doctrine. *Id*. at 1129.

The D.C. Circuit reversed as to the plaintiff's jurisdictional claim for equitable relief. *Id*. In so ruling, the court stated, "[w]hile we think it clear that at least some equitable claims relating to military service are not barred by the *Feres* doctrine, this case does not require us to ascertain *Feres's* exact bounds. Here Brannum asserted that his due process and other rights were violated by the military taking actions against him in excess of its jurisdiction under the Uniform Code. This jurisdictional claim falls squarely within the Supreme Court's decision in *Schlesinger v. Councilman*, 420 U.S. 738, 43 L. Ed. 2d 591, 95 S. Ct. 1300 (1975). … In light of *Schlesinger*, the *Feres* doctrine cannot preclude equitable suits challenging military jurisdiction under the Uniform Code…." *Id*. at 1130. The D.C. Circuit affirmed the dismissal of the plaintiff's non-equitable claims, relying on *Schlesinger's* holding that "[t]he acts of a court martial, within the scope of its

jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise." *Id*.  (Citations omitted.)

In this case, Plaintiff raises no claim involving military justice or money damages under the Federal Tort Claims Act. The *Feres* doctrine, first devised by the Supreme Court in *Feres v. United States*, 340 U.S. 135 (1950), is inapplicable here. The proper test to determine the reviewability of Plaintiff's claims under the APA is not the *Feres* Doctrine or Brannum; it is whether the defendant has provided clear and convincing evidence that Congress intended to restrict access to the federal courts, thus overcoming the strong APA presumption favoring judicial review of final agency actions. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967). Defendant has not done so in this case, and *Darby v. Cisneros*, 509 U.S. 137, 154 (1993), precludes the creation of a requirement that Plaintiff appeal to the ABCMR.

Plaintiff also notes that the standard of review under the Administrative Procedure Act ("APA") of a decision of the DASEB or any other final agency decision is the same as that of a decision of the ABCMR. It is whether the decision was arbitrary, capricious, not supported by substantial evidence, contrary to law, or procedurally defective. Thus, there is no material difference in the degree of interference with the military function between review of a DASEB decision and a decision of the ABCMR. The APA standard of review, and therefore the extent of judicial inquiry, remains fundamentally the same. In neither instance is the Court directly interfering with military decision-making.

In sum, Plaintiff is not required to pursue relief before the ABCMR. The U.S. Supreme Court in *Darby* held that "…where the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule

requires appeal before review and the administrative action is made inoperative pending that review. Courts are not free to impose an exhaustion requirement as a rule of judicial administration when the agency action has already become 'final' under § 10(c)." *Id*. Defendant asks the Court to do exactly what *Darby* precludes; judicial imposition of an exhaustion requirement where not required by statute or agency rule.

Plaintiff sought review of his claims through the DASEB, which was fully empowered to grant appropriate relief. The DASEB denied Plaintiff's application, a final agency action. This case is ripe for adjudication.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that this Court should deny Defendant's motion to dismiss for failure to state a claim or to transfer to the Eastern District of Virginia.

Respectfully submitted,

/s/

Raymond J. Toney (NY0066)
The Law Office of Raymond J. Toney
34-16 30th Avenue, Third Floor
Astoria, NY 11103
Tel: 718-726-3656
Fax: 661-459-0476

David P. Sheldon (D.C. Bar # 446039)
The Law Offices of David P. Sheldon, PLLC
512 8th Street, S.E.
Washington, DC 20003
Tel: 202-546-9575
Fax: 202-546-0135

Attorneys for Plaintiff