IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MALCOLM BRUCE WESTCOTT,<br><br>               Plaintiff,<br><br>   v.<br><br>THE HONORABLE PETE GEREN,<br>Acting Secretary of the Army<br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-0293 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**WHICH ARE NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7(h) and in support of Defendant's Motion for Summary Judgment, Defendant respectfully submits this statement of material facts as to which there are no genuine disputes.

1. On May 25, 1999, the Army announced that Plaintiff had been selected to serve as Deputy Chief, Army Reserve, a Brigadier General position.  See Compl., ¶ 91.

2. On May 27, 1999, the Army Chief of Staff announced that Plaintiff had been selected for promotion to Brigadier General.  See id., ¶ 21.

3. On June 1, 1999, a call was placed to the Department of Defense Inspector General ("DODIG") hotline with allegations of violations of government ethics laws by Office of the Chief, Army Reserves officers during and after MG Baratz's tenure as Chief, Army Reserve.  See id., ¶ 24.

4. On June 29, 1999, Plaintiff was selected for promotion to the rank of Brigadier General by the

June 1999 U.S. Army Reserve General Officer Promotion Selection Board.  See id., ¶ 22.

5.  On September 22, 1999, the Secretary of the Army withheld Plaintiff's name from the list of promotions that the Secretary forwarded to the Senate for approval.  See id., ¶¶ 20, 22, 26, 93, 94, 122.

6.  Shortly after November 15, 1999, the Army informed Plaintiff by telephone of the complaint to the DODIG.  See id., ¶ 23.

7.  On March 9, 2000, Army Criminal Investigation Command ("CID") referred the allegations of wrongdoing by Plaintiff contained in the DODIG complaint to the Department of the Army Inspector General ("DAIG").  See id., ¶ 42.

8.  Plaintiff was informed through his military counsel in March 2000 that the DAIG was reviewing the case for possible investigative action against Plaintiff.  See id. at ¶ 36.

9.  In August 2000, the DAIG informed the Plaintiff that it was conducting a preliminary inquiry into allegations against him.  See AR 210.

10.  On February 7, 2001 the DAIG issued a Directive for Investigation to conduct a general investigation into two allegations against Plaintiff: (1) that Plaintiff was negligent in performing his duties as a contracting officer's technical representative ("COTR"); and (2) that Plaintiff violated standards of ethical conduct in contracting and related activities pertaining to a private defense contractor, SY Tech.  See Compl., ¶¶ 41, 43, 71-89.

11.  Plaintiff was notified by telephone that the DAIG had completed its preliminary investigation and undertaken a full investigation against Plaintiff.  See id., ¶ 47.

12.  On April 23, 2001, DAIG investigators interviewed Plaintiff and informed him of the allegations against him.  See id., ¶ 49.

13. The DAIG investigation ultimately substantiated the first of the two allegations, that Plaintiff negligently performed his duties as a COTR. See id., ¶ 43, 44.

14. Plaintiff received a redacted copy of the DAIG Report of Investigation ("ROI"), though no records were found pertaining to the delay of Plaintiff's promotion. See id., ¶ 52.

15. The DAIG ROI was forwarded to General John M. Keane, Army Vice Chief of Staff, who approved the ROI on July 9, 2001. See id., ¶ 58.

16. On October 19, 2001, based on the ROI, General Keane issued a General Officer Memorandum of Reprimand ("GOMOR") to the Plaintiff. See id., ¶ 60.

17. By memorandum dated April 5, 2002, the Plaintiff submitted to General Keane a rebuttal requesting that the GOMOR not be placed in Plaintiff's Official Military Personnel File ("OMPF") due to alleged factual and other errors in the DAIG investigation and the ROI. See id., ¶ 69; AR 182-212.

18. On May 31, 2002, after reviewing the Plaintiff's rebuttal material, General Keane ordered the GOMOR filed in the Plaintiff's OMPF. AR 181.

18. On June 15, 2002, Plaintiff submitted a Request for Voluntary Resignation. See Compl., ¶¶ 97, 141.

19. On July 15, 2002, the Army informed Plaintiff that his case had been referred to a Promotion Review Board for a recommendation of retention or removal. See id., ¶ 142.

20. The Board approved Plaintiff's Request for Voluntary Resignation and Plaintiff voluntarily retired from the Army Reserve on February 1, 2003. See id., ¶ 143.

21. On June 18, 2004, Plaintiff filed an application with the Department of the Army Suitability Evaluation Board ("DASEB") requesting that the GOMOR be removed from Plaintiff's OMPF.

See id., ¶ 98; AR 003.

22. The DASEB denied Plaintiff's requested relief on November 5, 2004. See Compl., ¶ 102.

23. On February 17, 2006, Plaintiff initiated this action against the Secretary of the Army in the United States District Court for the District of Columbia.

.

                          Respectfully submitted,

                          _/s_____
                          JEFFREY A. TAYLOR, D.C. Bar # 498610
                          United States Attorney

                          _/s_____
                          RUDOLPH CONTRERAS D.C. Bar # 434122
                          Assistant United States Attorney

                          _/s_____
                          STEVEN M. RANIERI
                          Special Assistant U.S. Attorney
                          555 Fourth Street, N.W.,
                          Washington, D.C. 20530
                          (202) 353-9895

Of Counsel:
Captain Kevin McCart
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837